**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil No. CCB 13 CV 3685 |
| | ) | |
| Real Property Located at 414 Water Street, | ) | |
| Unit 1801, Baltimore, MD, Including | ) | |
| All Structures, Appurtenances and | ) | |
| Improvements thereon, and Real Property | ) | |
| Located at 5075 Jericho Road, Columbia, MD, | ) | |
| Including All Structures, Appurtenances and | ) | |
| Improvements thereon, | ) | |
| | ) | |
| *Defendants In Rem.* | ) | |

<u>CONSENT MOTION TO STAY ALL PROCEEDINGS AS TO DEFENDANT IN REM
5075 JERICHO ROAD, COLUMBIA, MD</u>

NOW COMES plaintiff, the United States of America (hereafter, the "government"), and with the consent of claimant Juliet M. Branker (hereafter "claimant"), files this motion to stay the instant civil forfeiture as to defendant *in rem* 5075 Jericho Road, Columbia, MD, including all structures, appurtenances and improvements thereon, pursuant to 18 U.S.C. § 981(g). In support of this motion, the government respectfully submits the following:

1.    On August 1, 2013, a federal Grand Jury sitting in the Eastern District of New York returned a sealed Indictment (CR 13-461) charging Paul Eugene Sessomes and three others with conspiracy to launder monetary instruments during the period January 2006 through December 2009, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 3551 <u>et</u> <u>seq</u>.; and with laundering of monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 2, and 3551 <u>et</u> <u>seq</u>.  The Grand Jury found the "specified unlawful activity" supporting the charges to be

narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 959, and 963.  The Indictment contains a general forfeiture provision, which was amended by Bill of Particulars on January 26, 2014, to include the defendants *in rem* as properties subject to forfeiture.  The Indictment was unsealed on December 6, 2013.

   2. On December 6, 2013, the government filed the instant Complaint in Forfeiture.  Therein, the government alleged that the defendants *in rem,* which are properties of Paul Eugene Sessomes, are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A), which provides for forfeiture of  "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956. . . or any property traceable to such property;" and under 18 U.S.C. § 981(a)(1)(C), which provides for forfeiture of  "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of…any offense constituting 'specified unlawful activity,'" as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such offense."  Narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 959, and 963, is a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(B)(i).

   3. Also on December 6, 2013, the government filed *lis pendens* with regard to the defendants *in rem* in the respective counties in which they are located, and provided notice of the complaint for forfeiture upon all known interested parties, including claimant.

   4. On January 9, 2014, claimant filed a Verified "Claim Contesting Forfeiture of Seized Property" and an Answer to the Complaint in Forfeiture, with regard to the real property located at 5075 Jericho Road, Columbia, MD, including all structures, appurtenances and improvements thereon.  Therein, claimant asserts she is "the owner of said real property along with Paul E. Sessomes." (Claim of Juliet M. Branker, para. 2).

5.      18 U.S.C. § 981(g) provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or trial.  Section 981(g)(1) states: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

6.      To obtain a stay the government must show: 1) that a related criminal investigation or prosecution exists and 2) that civil discovery would adversely affect such investigation or prosecution.  *All Funds Deposited in Acct. No. 200008524845*, 162 F. Supp. 2d 1325, 1329-30 (D. Wyo. 2001); *United States v. $1,730,010.00 in US. Currency*, 2007 WL 1164104, at *2-3 (W.D. Tex. Apr. 16, 2007).

7.      In the instant case, undersigned counsel for the government has spoken with attorney Richard Basile, who represents claimant, and is authorized to state that claimant concedes that a stay is appropriate under the facts of the instant case and consents to the stay of all proceedings  in this matter, including, but not limited to, discovery, dispositive motions, settlement conference, or trial, until resolution of the related criminal case involving Paul Eugene Sessomes, final resolution of his interest in the defendant *in rem*, or further Order of the Court.

8.      The government has not sought a restraining order beyond the filing of a *lis pendens* on the defendant in *rem*, and is not seeking to remove claimant from the property or otherwise interfere with her occupancy thereof during the pendency of these proceedings.

WHEREFORE, the United States requests the stay of the instant civil forfeiture proceeding as to defendant *in rem* 5075 Jericho Road, Columbia, MD, including all structures, appurtenances and improvements thereon, pending the resolution of the related criminal

investigation and any criminal prosecution, or until further Order of the Court. A proposed order is attached.

          Respectfully submitted,

          Respectfully submitted,
          JAIKUMAR RAMASWAMY, CHIEF
          Asset Forfeiture & Money
          Laundering Section

          /s/ *Darrin L. McCullough*
          Darrin L. McCullough
          Trial Attorney
          Asset Forfeiture & Money Laundering Section
          U.S. Department of Justice
          1400 New York Ave., NW
          Washington, DC   20005
          (202) 616-2255
          Darrin.mccullough@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was sent to counsel of record for the claimant via the ECF filing system, on this 30th day of January, 2014.

              JAIKUMAR RAMASWAMY, CHIEF
              Asset Forfeiture & Money
              Laundering Section

              */s/ Darrin L. McCullough*
              Darrin L. McCullough
              Trial Attorney
              Asset Forfeiture & Money Laundering Section
              U.S. Department of Justice
              1400 New York Ave., NW
              Washington, DC   20005
              (202) 616-2255
              Darrin.mccullough@usdoj.gov